IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                     Criminal No. **3:17CR166**

**RUSSELL TYRONE CARTER,**

    Petitioner.

## MEMORANDUM OPINION

Russell Tyrone Carter, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 38). The Government has filed a Motion to Dismiss, asserting that Carter's § 2255 Motion is barred by the statute of limitations. (ECF No. 41.) Carter has filed an "OBJECTION" to the Motion to Dismiss ("Response," ECF No. 43). For the reasons set forth below, the Motion to Dismiss will be GRANTED.

### I.    PROCEDURAL HISTORY

On March 27, 2018, Carter pled guilty to two counts of bank robbery (Counts One and Two). (ECF No. 14, at 1.) On July 20, 2018, the Court entered judgment and sentenced Carter to 240 months of imprisonment. (ECF No. 31, at 1–2.) Carter filed no appeal. However, on July 17, 2019, the Court granted a Federal Rule of Criminal Procedure Rule 35 Motion. (ECF No. 37.) On March 23, 2020, Carter filed the instant § 2255 Motion. (ECF No. 38, at 13.)[1]

---

[1] This is the date that Carter indicates that he placed his § 2255 Motion in the prison mailing system. The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court employs the pagination assigned by the CM/ECF docketing system for citations to Carter's submissions. The Court corrects the capitalization, spelling, and punctuation in the quotations from Carter's submissions.

In his § 2255 Motion, Carter contends that, "[c]ounsel's ineffective advice led petitioner to reject the government plea offer." (*Id.* at 4.)

## II. STATUTE OF LIMITATIONS ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Carter did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Friday, August 3, 2018, the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). Hence, Carter had until Monday, August 5, 2019 to file any motion under 28 U.S.C. § 2255. Because Carter did not file his § 2255 Motion until March 23, 2020, more than eight months after that date, the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1). Unless Carter

demonstrates a viable basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or any equitable reason for not enforcing the limitation period, the action is barred by the statute of limitations.

In his Response, Carter contends that he "was advised by counsel (Laura J. Koenig) that," he had a "[one]-year period of limitation to file any 2255 petition from the date the Judgment becomes final, which if the Rule 35 was granted, would be one year from the date of the new judgment." (ECF No. 43, at 3.) Carter cites to an Interoffice Memorandum to file drafted by counsel that states that she provided Carter with this exact information. (*See* ECF No. 39–1, at 3.) The information counsel provided to Carter was incorrect. The grant of a Rule 35(b) Motion never results in the entry of a new judgment, and thus, the grant of such a motion never extends the statute of limitations. *See United States v. Sanders*, 247 F.3d 139, 142–44 (4th Cir. 2001) (explaining that "the plain text of" 18 U.S.C. § 3582(b) provides that a "Rule 35(b) resentencing does not affect the date on which the judgment of his conviction became final"). Therefore, counsel provided Carter with bad advice.

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Here, the Court entered the Judgment on July 20, 2018. Apparently,

before the entry of the judgment and over the course of the next year, Carter was cooperating. On July 17, 2019, the Court granted the Rule 35(b) Motion. (ECF No. 37.) Carter contends that he believed, based upon counsel's incorrect advice, that he had one year from the grant of the Rule 35(b) Motion. Carter's statement is uncontroverted by the record. Carter then filed his § 2255 Motion on March 23, 2020, within one year of the grant of the Rule 35(b) Motion. Thus, it appears Carter relied on counsel's incorrect advice.

Although counsel provided truly wrong advice, Carter fails to demonstrate that this amounts to an extraordinary circumstance that would entitle him to an equitable tolling of the limitation period. Rather, courts have uniformly held that the miscalculation of the limitations period by counsel fails to constitute an extraordinary circumstance sufficient to warrant equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 651–52 (2010) (internal citations omitted) (explaining that "a garden variety claim of excusable neglect such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling"); *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (rejecting argument that petitioner was entitled to equitable tolling based on counsel's mistake in calculating the limitations period); *Harris v. Hutchinson*, 209 F.3d 325, 330–31 (4th Cir. 2000) (citations omitted) ("In short, a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding.").

Thus, Carter fails to demonstrate entitlement to equitable tolling based on counsel's erroneous advice about the filing deadline for his § 2255 Motion.[2] Because the Court finds that

---

[2] Carter does not demonstrate a viable basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4).

4

Carter's § 2255 Motion is untimely, the Government's Motion to Dismiss (ECF No. 41) will be GRANTED.

### III. CONCLUSION

The Motion to Dismiss (ECF No. 41) will be GRANTED, and Carter's § 2255 Motion (ECF No. 38) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 16 September 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

5